**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALVIN B. FEWS,

        Plaintiff,

  vs.

Lieutenant PEREZ,

        Defendant.

No. C 03-3770 PJH (PR)

**ORDER DENYING MOTION TO RECONSIDER**

    This is a civil rights case filed pro se by a state prisoner. Defendant's motion for summary judgment was granted. Plaintiff filed a notice of appeal and a motion to reconsider.

    Petitioner's motion to reconsider was filed at the same time as the notice of appeal. Applying the "prison mailbox rule," *see* Fed. R.App.P. 4(c) (notice of appeal); *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (filing Rule 59(e) motion), it appears that the motion to reconsider may have been filed within ten days of the judgment, and thus be one of the motions which is treated as extending the time to file a notice of appeal by Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. This means that if the notice of appeal is treated as having been filed *after* the motion to reconsider, this court has jurisdiction to rule on the motion and the notice of appeal does not become effective until the motion is ruled upon, *see* Fed. R.App.P 4(a)(4)B) (notice of appeal filed while certain motions are pending not effective until such motions ruled upon), whereas if the notice of appeal is treated as having been filed *before* the motion to reconsider, this court lacks jurisdiction to rule upon it, *see Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984).

    If the motion to reconsider was filed after the notice of appeal, the proper procedure would be for plaintiff to ask the court to "entertain" the motion. *Id.* If the court were to

decide to entertain it, the appellant could then ask the court of appeals to issue a limited remand to allow the district court to decide the motion. *Id.* If the district court were to rule that it would not entertain the motion, that ruling would be interlocutory in nature and not appealable. *Id.* This procedure has recently been confirmed by the Ninth Circuit. *Williams v. Woodford*, 306 F.3d 665, 683-84 (9th Cir. 2002).

The court concludes that it makes no difference whether the motion was filed before or after the notice of appeal, because in either case it will be denied.

The motion for summary judgment was granted on defendant's contention that he was entitled to qualified immunity. The grant was based on the second prong of the *Saucier* qualified immunity test, whether a reasonable person in the position of defendant would have known that he or she was violating plaintiff's rights. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). Most of plaintiff's motion to reconsider is an argument that his constitutional rights were violated, an argument which is not relevant to the basis for the grant of summary judgment.

Plaintiff does contend that he "has never viewed the Defendants[']s 'Motion for Summary judgment.[']" Plaintiff does not explain how he filed an opposition to the motion for summary judgment without seeing it, nor does he explain why he did not mention this in his opposition and did not request a copy of the motion. The court also notes that plaintiff's notice of change of address was filed a month after the motion for summary judgment.

In view of the above considerations, if the motion to reconsider (document number 44 on the docket) was filed before the notice of appeal, it is **DENIED** on the merits. Alternatively, if the motion was filed after the notice of appeal, the court is not disposed to entertain the motion to reconsider, so a remand for ruling is not necessary, and the motion is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 27, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.03\FEWS770.REC