United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALVIN B. FEWS,

        Plaintiff,

vs.

Lieutenant PEREZ,

        Defendant.

No. C 03-3770 PJH (PR)

**ORDER GRANTING MOTION TO DISMISS**

    This is a civil rights case filed pro se by a state prisoner. Defendant's motion for summary judgment was granted, but the Ninth Circuit has reversed and remanded. On remand, the court set discovery and dispositive motion deadlines. Before the court for ruling is defendant's unopposed motion to dismiss and for summary judgment.

## DISCUSSION

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id*. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id*.; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfies the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Plaintiff's claim is that defendant was deliberately indifferent to a serious medical need when he forced him to get on a bus for Corcoran State Prison despite plaintiff's having been scheduled to have dental surgery that morning.

Defendant has filed an unenumerated motion to dismiss on grounds that plaintiff did not administratively exhaust his claim. Plaintiff has not opposed the motion. Defendant's motion was served on plaintiff at the most recent address he has provided the court, so it

must be assumed that he received it.[1] Plaintiff was given the warning required by *Wyatt* in the order of service, warning him that failure to controvert a motion to dismiss on exhaustion grounds might be taken to show lack of exhaustion.

Defendant has provided an affidavit from the Chief of the Inmate Appeals Branch which is sufficient to establish that plaintiff did not exhaust any administrative appeals subsequent to the events which gave rise to this case. Decl. Grannis, Ex. A. Because defendant has not opposed the motion, he of course has not countered defendant's evidence. The court therefore finds that plaintiff did not exhaust his administrative remedies as to the sole claim in this case.

## CONCLUSION

The motion to dismiss (document number 73 on the docket) is **GRANTED**. The case is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 4, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.03\FEWS770.DSM-EXH

---

[1] Defendant's motion was filed timely on August 10, 2007 and served on plaintiff at the last address he provided on August 3, 2007. No opposition was filed and nothing from plaintiff has been received by the court since August 3, 2007.

3